Gilmore, C. J.
1. The plaintiffs in error, through their counsel, claim that they are entitled to prosecute this proceeding in error by virtue of the provisions of section 18, title 1, division 2, chapter 2 of the code of 1878, which is substantially a re-enactment of section 23 of the original' code. The section reads as follows : “ If, in an action commenced in due time, a judgment for the plaintiff be reversed, or the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action has expired, at the date of such reversal or failure, the plaintiff . . . may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant.”
*539 The plaintiffs have misconceived the purpose and effect of this section. It is a part of the chapter of the code relating. to the “ time of commencing actions,” of which section 6 reads as follows : “ Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action accrues.” It is plain, from this, that the chapter relates exclusively to original actions, and the prescribed limitations apply only to the causes of such actions. In addition, the plaintiffs in error are not within the terms of section 18. The first clause of the section relates to the reversal of judgments for the plaintiff, or the failure of the plaintiff otherwise than on the merits. The plaintiffs in error were defendants in the original action, and hence they are not within the first clause of the section. The second clause of the section makes its provisions applicable to any claim asserted in any pleading by a defendant, i. e., any set-off or counterclaim which would have constituted a cause of actior. against the plaintiff that may he set up by the defendant. But the defendants set up no such claim in this case. The defense was a denial of liability.
It follows that section 18 has no application to proceedings in error, and the plaintiffs can claim nothing under it in this case.
2. There is, however, another objection to the plaintiffs in error further prosecuting this proceeding in error. It is that this proceeding in error was disposed of by the late supreme court commission. It was dismissed for want of preparation as required by rule, in November, 1878. Afterward, the plaintiffs in error moved the commission to set aside the order dismissing the proceeding, and to reinstate it on the docket; which motion was heard upon proofs, and overruled on the 18th of December, 1878.
The constitutional amendment, among other things, conferred upon the commission power “ to dispose of such part of the business on the dockets of the supreme court as shall by arrangement between said commission and said court be transferred to such commission, and said commission shall *540 have like jurisdiction and power in respect to such business as are or may be vested in said court.” This proceeding in error had been transferred to the commission, and at the time the proceeding was dismissed and the motion to reinstate it was overruled, the commission had sole and exclusive jurisdiction over the cause, and its action in reference to it was final and conclusive as to all the parties to the proceeding.
The plaintiffs in error, therefore, had no right to recommence this proceeding in this court, and the motion to dismiss it must be sustained.

Judgment accordingly.